(28 Misc. Rep. 694.)

.In re ATKINSON.

(Supreme Court, Special Term, Saratoga County. April 15, 1899.)

ELECTIONS—CANVASSING VOTES—DUTY OF INSPECTORS.

    The duty of election inspectors to canvass the votes cast at an election, after rejecting ballots that are declared void, is ministerial, and they have no power to decide questions as to the eligibility of candidates, or to exercise other judicial functions.

In the matter of the application of J. William Atkinson for a writ of mandamus.    Granted.

Application, upon return of order to show cause, for writ of peremptory mandamus, requiring the inspectors of election of the two town election districts of the town of Waterford, Saratoga county, to reconvene, and make a corrected statement of the votes cast at the town election held March 7, 1899, by including in such statement the number of votes cast for applicant for the office of justice of the peace. The inspectors had refused to include in their statement the number of votes cast for applicant, as the official ballots contained, in addition to the words, "For Justice of the Peace for Full Term," the words, "Commencing January 1st, 1901," and further claiming that he was ineligible for election to such office, and also for the reason that no such office for a full term commencing January 1, 1901, was balloted for, or could be legally balloted for, at such town meeting.

Frost, Daring & Warner, for applicant.

Thos. O'Connor (J. W. Houghton, of counsel), for respondents Jacob D. Wood and William G. German.

STOVER, J.    It was the duty of the inspectors to canvass the votes cast, after rejecting ballots that are declared void.    The duty is ministerial, and the official ballot is to be canvassed by the inspectors.    They have no power to determine the questions of eligibility, or exercise any other judicial functions.    These questions must be determined by the court in a proper action or proceeding.

The writ may issue.